T.C. Summary Opinion 2001-132

UNITED STATES TAX COURT

BRENDA T. FARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2251-00S.                Filed September 4, 2001.

Brenda T. Farris, pro se.

<u>Veena Luthra</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]   Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,873 in petitioner's 1997 Federal income tax. The issue is whether petitioner is entitled to a deduction for gambling losses. Petitioner resided in Quinton, Virginia, when the petition in this case was filed.

The facts may be summarized as follows. During 1997, petitioner played the Virginia State Lottery and won two amounts ($2,500 and $2,700) that were reported to the Internal Revenue Service. Petitioner is not in the trade or business of gambling or playing the lottery. On her 1997 return, petitioner did not report any income from the lottery. Petitioner did not itemize deductions and claimed the so-called standard deduction for head of household in the amount of $6,050. In the notice of deficiency, respondent determined that petitioner had additional income in the amount reported by the lottery ($5,200).

Petitioner admits that she won the $5,200 and, indeed, admits that she additionally won as much as $1,000 a month that was not reported by the lottery, but she did not know the exact amount of her total winnings for the year. Petitioner did not report the additional winnings because she believed that, since they were not reported to the Internal Revenue Service, they were not taxable.

## Discussion

Section 61(a) defines gross income to mean all income from whatever source derived. Lottery winnings, whether reported or

not by the lottery operator, are includable in gross income. Paul v. Commissioner, T.C. Memo. 1992-582. As we understand, petitioner's position is that she incurred losses from her gambling activities during 1997, and, when considered with other itemized deductions she did not claim on her return, the amount would have been greater than the standard deduction of $6,050 that she claimed. Petitioner claims that she donated to Goodwill Industries tangible personal property that she estimates had a fair market value of $1,225 and that she is entitled to a charitable deduction in that amount. The record shows that petitioner also paid $653 in State income taxes.

In the case of an individual, section 62(a) defines adjusted gross income as gross income less certain deductions, including deductions attributable to a trade or business carried on by the taxpayer. Sec. 62(a)(1). If petitioner's gambling activity constituted a trade or business, her gambling losses would be deductible from gross income in arriving at adjusted gross income on Schedule C, Profit or Loss From Business. See id. If petitioner's gambling activity did not constitute a trade or business, her gambling losses would be deductible as an itemized deduction in arriving at taxable income on Schedule A, Itemized Deductions. Sec. 63(a). But, regardless whether or not the activity constituted a trade or business, section 165(d) provides that "Losses from wagering transactions shall be allowed only to

the extent of the gains from such transactions." See also sec. 1.165-10, Income Tax Regs. Petitioner does not claim to be in the trade or business of gambling, and we are, therefore, faced with the question whether she is entitled to claim itemized deductions on a Schedule A.

While we are convinced that petitioner purchased lottery tickets that did not pay off, there are some obstacles in her path. First, we have no idea as to the dollar amount of those tickets. Petitioner appeared at trial with a paper bag full of tickets; however, she did not know how many losing tickets were in the bag. She had not counted them, and the Court eschews that responsibility. We did, however, examine some of the tickets and there appears to be an unsettling number of tickets from certain days, even though petitioner testified that she played the lottery almost daily. It seems as if the tickets had been picked up on a random basis rather than daily.

Equally important, even if we were to assume that the amount of losing tickets was as petitioner alleges (between $4,752 shown in the petition and $6,000 at trial), we are still faced with the problem that petitioner admits that she won considerably more money than that which was reported to the Internal Revenue Service. While respondent did not move to increase the deficiency, the additional amount of unreported lottery winnings and the amount contained in the notice of deficiency ($5,200)

certainly exceeds $1,828 which is the difference between the standard deduction ($6,050) and the maximum itemized deductions ($7,878) that petitioner could have claimed ($6,000 gambling losses, $1,225 charitable contribution, and $653 State income taxes).  Accordingly, respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.